UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JUAN GABRIEL MELENDRES and | ) | |
| ANA GOMEZ NOLASCO, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-442-WCL-PRC |
| | ) | |
| OFFICINE FACCO & C. S.P.A. and | ) | |
| FACCO USA, INC., | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

Defendants Officine Facco & C. S.P.A. and Facco USA, Inc. invoked this Court's diversity jurisdiction by removing this litigation from state court to federal court. As the parties seeking federal jurisdiction, Defendants have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

The citizenship of Plaintiffs Juan Gabriel Melendres and Ana Gomez Nolasco is determined by their domiciles. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). The Complaint alleges only that Plaintiffs are "residents" of Indiana, which is insufficient. Defendants must advise the Court of Plaintiffs' domiciles.

Further, Defendants state that Defendant Officine Facco & C. S.P.A. is an "alien corporation" with its "principal headquarters" in Italy. A corporation is a citizen of every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (holding that the term "principal place of business" refers to the corporation's "nerve center," that is, the place where a corporation's officers direct, control, and coordinate the corporation's activities). Defendants must advise the Court of Officine Facco & C. S.P.A.'s state(s) of incorporation and place of principal place of business.

Therefore, the Court **ORDERS** Defendants to **FILE**, on or before **November 8, 2017**, a supplemental jurisdictional statement curing the deficiencies noted above.

SO ORDERED this 25th day of October, 2017.

                                         s/ Paul R. Cherry
                                         MAGISTRATE JUDGE PAUL R. CHERRY
                                         UNITED STATES DISTRICT COURT